Case 3:03-cv-00204-W-NLS   Document 60   Filed 03/22/06   PageID.480   Page 1 of 18

USDC SCAN INDEX SHEET










```
HBH    3/23/06    11:12
3:03-CV-00204    ERPELDING V. TADDEO
*60*
*P/A.*
```

MARK J. HATTAM (BAR NO. 173667)
MICHAEL J. HOLMES (BAR NO. 199311)
ALLEN MATKINS LECK GAMBLE & MALLORY LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158

Attorneys for Defendant
DELAWARE CHARTER GUARANTEE AND TRUST
COMPANY, dba TRUSTAR RETIREMENT SERVICES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ERPELDING, an individual; BARBARA ERPELDING, an individual; RON & SONS' TRUCKING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE CHARTER GUARANTEE AND TRUST COMPANY, dba TRUSTAR RETIREMENT SERVICES, a Delaware corporation,<br><br>Defendant. | Case No. 03 CV 0204 W (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**<br><br>Date: May 8, 2006<br>Time: 10:30 a.m.<br><br>Ctrm: 7<br>Judge: Thomas J. Whelan<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE** |

643099.02/SD

03 CV 0204

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. PERTINENT FACTS ALLEGED .........................................................................2

III. STANDARDS FOR MOTIONS TO DISMISS AND STRIKE ............................3

IV. ARGUMENT IN SUPPORT OF MOTION TO DISMISS ...................................4

    A. The Erpeldings Fail To State Claims Upon Which Relief Can Be Granted Because They Lack Standing ....................................................4

    B. The First And Second Causes Of Action For "Negligence" Fail To State A Claim Upon Which Relief Can Be Granted Because They Improperly Plead Contract Breaches As Torts ............................................6

    C. The Fourth Cause Of Action For "Breach Of Common Law Fiduciary Duty" Fails To State A Claim Upon Which Relief Can Be Granted Because It Is Directly Contradicted By The Agreement Attached To The First Amended Complaint ...........................................9

    D. The Fifth Cause Of Action For "Unjust Enrichment" Fails To State A Claim Upon Which Relief Can Be Granted Because No Implied Contract Exists .........................................................................................10

V. ARGUMENT IN SUPPORT OF MOTION TO STRIKE ..................................11

    A. Other References To Purported Negligence Should Be Stricken ..........11

    B. Other References To A Purported Fiduciary Duty Should Be Stricken ...................................................................................................11

VI. CONCLUSION ....................................................................................................12

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

643099.02/SD

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ascherman v. General Reinsurance Corp.*,
  183 Cal. App. 3d 307 (1986) ............................................................................... 5

*Bancomer, S. A. v. Superior Court*,
  44 Cal. App. 4th 1450 (1996) ............................................................................. 6

*Brown v. California Pension Administrators & Consultants, Inc.*,
  45 Cal. App. 4th 333 (1996) ........................................................................... 6, 9

*Butler-Rupp v. Lourdeaux*,
  134 Cal. App. 4th 1220 (2005) ........................................................................... 7

*Durning v. First Boston Corp.*,
  815 F.2d 1265 (9th Cir. 1987) ............................................................................ 3

*Erie R.R. Co. v. Tompkins*,
  304 U.S. 64 (1938) .............................................................................................. 4

*Erlich v. Menezes*,
  21 Cal. 4th 543 (1999) ............................................................................ 1, 6, 7, 9

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ............................................................................ 3

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) ............................................................................................ 3

*Hal Roach Studios v. Richard Feiner and Co.*,
  896 F.2d 1542 (9th Cir. 1990) .................................................................... 1, 3, 6

*Jones v. H. F. Ahmanson & Co.*,
  1 Cal. 3d 93 (1969) ............................................................................................. 5

*Kalmanovitz v. Bitting*,
  43 Cal. App. 4th 311 (1996) ............................................................................... 5

*LaMonte v. Sanwa Bank California*,
  45 Cal. App. 4th 509 (1996) ............................................................................... 9

*Money Store Investment Corp. v. Southern Cal. Bank*,
  98 Cal. App. 4th 722 (2002) ............................................................................... 7

*Neilson v. Union Bank of California, N.A.*,
  290 F. Supp. 2d 1101 (C.D.Cal. 2003) .............................................................. 9

*Nelson v. Anderson*,
  72 Cal. App. 4th 111 (1999) ............................................................................... 5

*Newbery Corp. v. Fireman's Fund Ins. Co.*,
  95 F.3d 1392 (9th Cir. 1996) ............................................................................ 10

| | Page(s) |
|---|---|
| *Oakland Raiders v. National Football League,*<br>131 Cal. App. 4th 621 (2005) | 5 |
| *Power Standards. Lab., Inc. v. Federal Express Corp.,*<br>127 Cal. App. 4th 1039 (2005) | 7 |
| *Snead v. Metropolitan Property & Cas. Ins. Co.,*<br>237 F.3d 1080 (9th Cir. 2001) | 1, 3 |
| *Sofias v. Bank of America,*<br>172 Cal. App. 3d 583 (1985) | 5 |
| *Thompson v. Illinois Dept. of Professional Regulation,*<br>300 F.3d 750 (7th Cir. 2002) | 3, 6, 10 |
| *Van de Kamp v. Bank of America,*<br>204 Cal. App. 3d 819 (1988) | 9 |
| *Wal-Noon Corp. v. Hill,*<br>45 Cal. App. 3d 605 (1975) | 1, 10 |
| *Walters v. Calderon,*<br>25 Cal. App. 3d 863 (1972) | 6 |

**Statutes**

Cal. Civ. Code § 1559 ......... 5

**Other Authorities**

1 Witkin, Summary of California Law, *Contracts*<br>§ 1013, p. 1102 (10th ed. 2005) ......... 10

Weil & Brown, California Practice Guide, Civil Procedure Before Trial,<br>§ 2.14, pp. 2-7 (The Rutter Group 2005) ......... 5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......... 3

Federal Rule of Civil Procedure 12(f) ......... 3

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

643099.02/SD

-iii-

03 CV 0204

## I. INTRODUCTION

The First Amended Complaint filed by Plaintiffs Ronald and Barbara Erpelding (the "Erpeldings") and their company, Ron and Sons' Trucking, Inc. ("Ron and Sons") (collectively, Plaintiffs") essentially alleges that Defendant Delaware Charter Guarantee and Trust Company, dba Trustar Retirement Services ("Trustar"), a non-discretionary third-party administrator, failed to properly administer and terminate a defined benefit pension plan in breach of its employment agreement with Ron and Sons. However, Plaintiffs also gratuitously allege additional claims for negligence, breach of fiduciary duty, and implied contract.

First, the Erpeldings do not have standing to bring *any* of the claims alleged in the First Amended Complaint, since they do not allege any duties owed to them by Trustar, and the alleged agreement directly contradicts their conclusory allegation that they are intended third-party beneficiaries. Therefore, the Erpeldings should be dismissed as plaintiffs.

Second, Ron and Sons' non-contractual causes of action fail to state causes of action under California law,[1] and should therefore be dismissed for the following reasons:

(a) The First and Second Causes of Action for "Negligence" are really just claims that Trustar did not fulfill its *contractual* obligations under the alleged agreement (*Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999));

(b) The Fourth Cause of Action for "Breach of Common Law Fiduciary Duty" is directly contradicted by the express terms of the alleged agreement between the parties (*Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990)); and

(c) The Fifth Cause of Action for "Unjust Enrichment," a claim rooted in an implied contract theory, cannot co-exist with the alleged express agreement between the parties (*Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975)).

In addition to the Motion to Dismiss, Trustar moves to strike all allegations in the First Amended Complaint that repeat the allegations of negligence and breach of fiduciary duty.

---

[1] As discussed below, assuming the Court has proper diversity jurisdiction as alleged by Plaintiffs, the substantive law governing this dispute is California law. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001).

## II. PERTINENT FACTS ALLEGED

On October 10, 1997, Trustar (formerly known as Trust Consultants) and Ron and Sons entered into a Retainer Agreement (the "Agreement"). ¶ 9, Exhs. "A."[2] Pursuant to the Agreement, Trustar provided administrative services for Ron and Sons' defined benefit pension plan (the "Plan") as a third-party administrator. *Id.*

The Agreement provides that Trustar "is not a fiduciary to the plan, the trust, the plan participants or the Employer." Exh. "A" at ¶ 7. The Agreement further provides that Trustar "is a third party administrator and shall not exercise any power of control, management or choice with respect to the disposition, investment or custody of plan assets or money." *Id.* Plaintiffs allege that Trustar acted as the Plan's "non-discretionary" third-party administrator. ¶ 17.

The parties also acknowledge in the Agreement that Trustar does not provide legal advice, and that Ron and Sons "must obtain its own legal and tax counsel for advice on the plan design and specifications appropriate for [Ron and Sons'] situation as well as on the legal and tax issues which may arise during the operation of the plan." The Agreement contemplates that such independent advice may include, but is not limited to, partial plan terminations and monitoring protected benefits upon plan amendment or termination. Exh. "A" at ¶ 5. Ron and Sons retained David Taddeo as their independent advisor. ¶ 27.[3]

Plaintiffs allege that Trustar breached the Agreement by failing to properly administer and terminate the Plan. ¶¶ 58-63. Specifically, Plaintiffs allege that Trustar did not prepare the intended benefit formula under the Adoption Agreement; failed to terminate the Plan in accordance with PBGC and IRS guidelines; did not calculate proper Plan contributions; did not provide proper actuarial reports; and failed to meet deadlines. *Id.*

Plaintiffs also allege that that Trustar was negligent, breached its common law fiduciary duty and was unjustly enriched as a result of its failure to properly administer and terminate the

---

[2] All factual recitations are taken from the First Amended Complaint and, for purposes of this Motion only, are assumed to be true. Paragraph and exhibit references (*e.g.,* "¶ 9" and "Exh. 'A'") are taken from the First Amended Complaint.

[3] David Taddeo and his company are no longer defendants in this case, since they reached a settlement with Plaintiffs.

plan. ¶¶ 33-56, 64-71. Specifically, Plaintiffs allege that Trustar did not properly prepare the Plan's benefit formula as set forth in Article 10 of the Adoption Agreement; failed to properly terminate plan; did not properly calculate required Plan contributions; did not provide proper actuarial services; and failed to meet deadlines. *Id.*

### III.   STANDARDS FOR MOTIONS TO DISMISS AND STRIKE

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a cause of action that fails to state a claim upon which relief can be granted. A motion brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Exhibits submitted with the complaint may be considered part of the complaint for purposes of a Rule 12(b)(6) motion. *Id.*; *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*" *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis by court).

Under Federal Rule of Civil Procedure 12(f), a party may move to strike "any redundant, immaterial, impertinent or scandalous matter." Rule 12(f) permits dismissal of an entire pleading or excision of portions of the pleading, including single words or phrases. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. [citation] 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy*, 984 F.2d at 1527.

The ERISA cause of action has been dismissed in this case, and is not alleged in Plaintiffs' First Amended Complaint. Nevertheless, Plaintiffs allege this Court has diversity jurisdiction over the remaining state law causes of action against Trustar. ¶ 2. Plaintiffs further allege that the contract was to be performed in California. ¶¶ 3-6. Thus, assuming the Court has proper diversity jurisdiction, the substantive law governing this dispute is California law. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins,*

304 U.S. 64, 78 (1938)) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.").

## IV. ARGUMENT IN SUPPORT OF MOTION TO DISMISS

The Erpeldings do not have standing to bring any of the causes of action alleged in the First Amended Complaint, since they do not allege any duties, contractual or otherwise, owed to them by Trustar. The Erpeldings' conclusory allegation that they are intended third-party beneficiaries is belied by the plain language of the alleged Agreement. Accordingly, the Erpeldings should be dismissed, leaving Ron and Sons as the sole plaintiff.

The First Amended Complaint essentially alleges that Trustar failed to properly administer and terminate the Plan, in breach of the attached written Agreement. Indeed, Ron and Sons specifically allege that Trustar did not fulfill its contractual obligations under the Agreement. ¶¶ 9, 13, 16, 32, 57-63. They also allege, however, additional tort, fiduciary and implied contract claims that cannot co-exist as a matter of law with the existence of the alleged express Agreement. Accordingly, Ron and Sons' non-contractual claims should be dismissed.

### A. The Erpeldings Fail To State Claims Upon Which Relief Can Be Granted Because They Lack Standing

The Erpeldings, as individuals, are named plaintiffs in the First Amended Complaint. However, the alleged obligations and duties in the First Amended Complaint were allegedly owed to Ron and Sons, not to the Erpeldings. For example:

- The Agreement is signed on behalf of "Ron & Sons, Inc." only. Exh. "A."
- "Ron & Sons employed and retained Defendant Trustar to represent it with regard to the Plan's termination." ¶ 34.
- Trustar "failed to exercise reasonable care and skill in performing the services for Ron & Sons, and negligently and carelessly, and in breach of their common law fiduciary duties, failed to resolve all of the issues of the Plan's termination . . . ." ¶ 39.
- "Ron & Sons employed and retained Trustar to represent it with regard to the Plan implementation." ¶ 47.

- Trustar "failed to exercise reasonable care and skill in performing the services for Ron & Sons and, negligently and carelessly and in breach of its common law fiduciary duties, failed to provide a benefit formula in conjunction with the intentions of implementing the Plan as set forth herein." ¶ 52.
- "Ron and Sons entered into the Agreement with Trustar for Trustar to provide set up and ongoing administrative services for the Plan." ¶ 58.

The Erpeldings allege that they are the majority shareholder owners of Ron and Sons. ¶ 8. However, claims for damage to a corporation belong to the corporation, not to its shareholders. *Jones v. H. F. Ahmanson & Co.*, 1 Cal. 3d 93, 107 (1969); *Oakland Raiders v. National Football League*, 131 Cal. App. 4th 621, 650-52 (2005); Weil & Brown, California Practice Guide, Civil Procedure Before Trial, § 2.14, pp. 2-7, 2-8 (The Rutter Group 2005). Shareholders lack standing to sue for such wrongs, even if the value of their stock is diminished, they lose their capital investment and/or they suffer lost earnings and opportunities. *Id.*; *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (1999).

Perhaps recognizing their lack of standing as corporate shareholders, the Erpeldings allege, in conclusory fashion, that they were intended third-party beneficiaries to the Agreement. ¶ 60. However, to enforce a contract as third-party beneficiaries, the alleged Agreement must have been made *expressly* for the Erpeldings' benefit. Cal. Civ. Code § 1559. "[E]xpressly means in an express manner; in direct or unmistakable terms; explicitly; definitely; directly." *Sofias v. Bank of America*, 172 Cal. App. 3d 583, 587 (1985). "While it is not necessary that a third party be specifically named, the contracting parties must clearly manifest their intent to benefit the third party." *Kalmanovitz v. Bitting*, 43 Cal. App. 4th 311, 314 (1996). Therefore, "For a third party to qualify as a beneficiary under a contract, the contracting parties must have intended to benefit that third party, *and their intent must appear from the terms of the contract.*" *Ascherman v. General Reinsurance Corp.*, 183 Cal. App. 3d 307, 311 (1986) (emphasis added).

Further, it is not enough that the contract was for the benefit of the third party. "The fact that he is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment. It must

appear to have been the intention of *the parties* to secure to him personally the benefit of its provisions." *Walters v. Calderon*, 25 Cal. App. 3d 863, 870-71 (1972) (emphasis by court); *see also Bancomer, S. A. v. Superior Court*, 44 Cal. App. 4th 1450, 1458 (1996).

Here, the Erpeldings' conclusory allegation that they were intended third-party beneficiaries to the Agreement is belied by the plain language of the Agreement.[4] Exh. "A." Pursuant to the Agreement, Trustar was to provide "plan set-up" and "administrative recordkeeping services" for Ron and Sons. Exh. "A," ¶¶ 1, 13, 17. Trustar was not the Plan Administrator or the Plan Trustee. *Id.* ¶ 7. While Trustar's administrative services for Ron and Sons may have incidentally benefited the Erpeldings as owners of Ron and Sons and as Plan participants, the plain language of the Agreement does not expressly reveal an intention to benefit the Erpeldings as individuals. Accordingly, the Erpeldings should be dismissed as plaintiffs.

### B. The First And Second Causes Of Action For "Negligence" Fail To State A Claim Upon Which Relief Can Be Granted Because They Improperly Plead Contract Breaches As Torts

Under California law, tort causes of action outside the insurance context cannot be pled in what are really just breach of contract cases:

> The Supreme Court has rejected the transmutation of contract actions into tort actions "in favor of a general rule precluding tort recovery for noninsurance contract breach, at least in the absence of violation of 'an independent duty arising from principles of tort law' . . . other than the bad faith denial of the existence of, or liability under, the breached contract."

*Brown v. California Pension Administrators & Consultants, Inc.*, 45 Cal. App. 4th 333, 346 (1996) (negligence claim against trustee and administrator of self-directed individual retirement accounts was "simply a relabeling of their breach of contract claims as tort claims."); *see also Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999) ("[C]onduct amounting to a breach of contract

---

[4] As discussed above, documents submitted as exhibits with the complaint may be considered part of the complaint for purposes of a Rule 12(b)(6) motion. *Hal Roach Studios*, 896 F.2d at 1555 n.19. "[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." *Thompson*, 300 F.3d at 754 (emphasis by court). Ron and Sons attach the Agreement as Exhibit "A" to the First Amended Complaint.

becomes tortuous only when it also violates a duty independent of the contract arising from principles of tort law. 'An omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty.'"); *Power Standards. Lab., Inc. v. Federal Express Corp.*, 127 Cal. App. 4th 1039, 1047 (2005) ("[T]ort recovery for a breach of contract [is] something California allows only in the insurance context or when the breach is accompanied by an intentional tort that is independent of the contract."); *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1227 (2005) (following *Erlich* in negligent infliction of emotional distress action); *Money Store Investment Corp. v. Southern Cal. Bank*, 98 Cal. App. 4th 722, 731-32 (2002) (negligence cause of action failed as a matter of law because alleged breach of duty was really failure to perform contractual obligations).

Therefore, tortious breach of contract outside the insurance context is found only when some duty independent of the contract is violated:

> Generally, outside the insurance context, "a tortious breach of contract . . . may be found when (1) the breach is accompanied by a traditional common law tort, such as *fraud or conversion*; (2) the means used to breach the contract are tortious, involving *deceit or undue coercion* or; (3) one party *intentionally breaches* the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages." [citation] Focusing on intentional conduct gives substance to the proposition that a breach of contract is tortious only when some independent duty arising from tort law is violated. [citation] *If every negligent breach of contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies.*

*Erlich*, 21 Cal. 4th at 553-54 (emphasis added). Thus, as the *Erlich* court observed, tort damages in contract cases have been limited: "where a breach of duty directly causes physical injury [citation]; for breach of the covenant of good faith and fair dealing in insurance contracts [citation]; for wrongful discharge in violation of fundamental public policy [citation]; or where the contract was fraudulently induced. [citation]" *Id.* at 551-52.

Ron and Sons' "negligence" claims are improperly pled because they are really just claims that Trustar did not fulfill its *contractual* obligations under the Agreement. For example, in their First Cause of Action for "Professional Malpractice – Negligence," Ron and Sons claim:

> Ron & Sons employed and retained Defendant Trustar to represent it
> with regard to the Plan's termination.... In or about May 2000,
> pursuant to said employment, Trustar began working on the Plan's
> termination.... Defendant, failed to exercise reasonable care and
> skill in performing the services for Ron & Sons, and negligently and
> carelessly, and in breach of their common law fiduciary duties,
> failed to *resolve all of the issues of the Plan's termination and
> ensure the Plan's termination proceeded on schedule, provided
> improper actuarial services, provided incorrect advice, failed to
> meet deadlines, failed to notify Plaintiffs of proper deadlines, and
> failed to properly advise Plaintiffs regarding the termination and
> distribution of the Plan's assets* .... Instead, Defendant, without
> advising Ron & Sons of the consequences thereof, negligently and
> carelessly and in breach of its common law fiduciary duties, allowed
> the October 31, 2000, deadline to come and go *without ensuring the
> necessary work was performed regarding the Plan's termination.*

¶¶ 34, 38-40 (emphasis added). In their Second Cause of Action for "Professional Malpractice – Negligence," Ron and Sons claim:

> Ron & Sons employed and retained Trustar to represent it with
> regard to the Plan implementation.... In or about 1997, pursuant to
> said employment, said Defendant prepared the Plan's benefit
> formula *as set forth in Article 10 of the Adoption Agreement* ....
> Defendant, failed to exercise reasonable care and skill in performing
> the services for Ron & Sons and, negligently and carelessly and in
> breach of its common law fiduciary duties, failed to *provide a
> benefit formula in conjunction with the intentions of implementing
> the Plan as set forth herein* .... Instead, Defendant, negligently and
> carelessly and in breach of its common law fiduciary duties,
> *prepared a benefit formula which, unknown to Plaintiffs, would be
> financially detrimental to Plaintiffs and in complete contrast to the
> intended and communicated goals of the Plan.*

¶¶ 47, 51-53 (emphasis added).

All of these "duties" are simply obligations arising under the express terms of the Agreement. Indeed, Ron and Sons' Third Cause of Action for "Breach of Written Contract" alleges that the Agreement governed Trustar's administrative services for the Plan, and complains of exactly the same alleged actions and omissions by Trustar:

> Ron and Sons entered into the Agreement with Trustar for Trustar to
> provide set-up and ongoing administrative services for the Plan ....
> The Agreement provided that Trustar would perform the services
> listed on the proposal including but not limited to *set-up of the Plan,
> preparation of the Adoption Agreement, ongoing administration,
> contribution calculations, preparation of Annual Actuarial Report
> and plan terminations* .... Defendant breached the Agreement
> when it failed to *prepare the Adoption Agreement with the intended
> benefit formula, failed to terminate the Plan in accordance with
> PBGC and IRS guidelines, failed to provide proper actuarial*

> *reports, failed to meet deadlines with regard to the Plan's termination.*

¶¶ 58, 61-62 (emphasis added).

If Trustar did not perform pursuant to the Agreement, this is simply a breach of contract. *Erlich*, 21 Cal. 4th at 551-54. Ron and Sons' remedies, if any, are limited to those for breach of contract, and their first two causes of action for negligence should therefore be dismissed.

### C. The Fourth Cause Of Action For "Breach Of Common Law Fiduciary Duty" Fails To State A Claim Upon Which Relief Can Be Granted Because It Is Directly Contradicted By The Agreement Attached To The First Amended Complaint

In their Fourth Cause of Action, Ron and Sons allege that Trustar had a common law fiduciary duty to them regarding calculation of Plan contributions. ¶¶ 64-66. Ron and Sons allege that Trustar breached its fiduciary duty by failing to timely provide Ron and Sons with notice of the required Plan contributions. ¶¶ 67-68. However, as with Ron and Sons' negligence claims, this alleged "duty" is actually an alleged contractual obligation under the Agreement. As alleged in Ron and Sons' Third Cause of Action for "Breach of Written Contract," the Agreement provided that Trustar would perform proper contribution calculations. ¶ 61.

Further, in California, fiduciary duties may be limited by contract. *Van de Kamp v. Bank of America*, 204 Cal. App. 3d 819, 857, 860 (1988) ("agent is limited to the scope of the agency set forth in the parties' agreement" and "[t]he agent is a fiduciary with respect to matters within the scope of the agency"); *Brown v. California Pension Administrators & Consultants, Inc.*, 45 Cal. App. 4th 333, 337-38, 347-48 (1996); *LaMonte v. Sanwa Bank California*, 45 Cal. App. 4th 509, 517 (1996); *see also Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1138 (C.D.Cal. 2003) (reciting California law).

Here, the terms of the Agreement expressly contradict Ron and Sons' fiduciary duty cause of action. Paragraph 7 of the Agreement provides that "[Trustar] is *not a fiduciary* to the plan, the trust, the plan participants, or the Employer. [Trustar] is a third party administrator and shall *not exercise any power of control, management or choice* with respect to the disposition, investment

or custody of plan assets or money." Exh. "A," ¶ 7 (emphasis added). Indeed, as Ron and Sons allege, Trustar acted as the Plan's "*non-discretionary*" third-party administrator. ¶ 17.

Similarly, Ron and Sons acknowledge in the Agreement that "[Trustar] does not provide legal advice, and that [Ron and Sons] must obtain its own legal and tax counsel for advice on the plan design and specifications appropriate for [Ron and Sons'] situation as well as on the legal and tax issues which may arise during the operation of the plan." Ron and Sons allege that, in fact, they retained such an independent advisor. ¶ 27.

Ron and Sons' fiduciary duty cause of action fails to state a claim upon which relief can be granted under California law because it is contracted by the express terms of the Agreement and corresponding allegations of the First Amended Complaint. *Thompson*, 300 F.3d at 754 ("[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*."). Accordingly, this cause of action should be dismissed.

D.  **The Fifth Cause Of Action For "Unjust Enrichment" Fails To State A Claim Upon Which Relief Can Be Granted Because No Implied Contract Exists**

Under California contract law, implied contracts cannot co-exist with express contracts relating to the same subject matter. *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975); *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1405 (9th Cir. 1996) (reciting California law).

> There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time. [citations] The reason for the rule is simply that where the parties have freely, fairly and voluntarily bargained for certain benefits in exchange for undertaking certain obligations, it would be inequitable to imply a different liability and to withdraw from one party benefits for which he has bargained and to which he is entitled.

*Wal-Noon*, 45 Cal. App. 3d at 613.

Ron and Sons allege in their Fifth Cause of Action that Trustar should not be unjustly enriched, a claim rooted in an implied contract theory. *See* 1 Witkin, Summary of California Law, *Contracts* § 1013, p. 1102 (10th ed. 2005). Ron and Sons' cause of action for unjust enrichment should be dismissed because, as a matter of law, any (unalleged) implied contract supporting their cause of action for unjust enrichment cannot co-exist with the Agreement. *See Wal-Noon*, 45

Cal. App. 3d at 610, 613 (holding that unjust enrichment claim cannot co-exist with express contract).

## V. ARGUMENT IN SUPPORT OF MOTION TO STRIKE

### A. Other References To Purported Negligence Should Be Stricken

For the reasons discussed above, Trustar also requests that the Court strike the following text in the First Amended Complaint on the grounds that this text is redundant and impertinent since it improperly pleads contract breaches as negligence:

¶ 16.   "negligence," on page 4, line 7;

¶ 29.   "and negligence," on page 6, line 17;

¶ 29.   "negligent," on page 6, line 20;

¶ 31.   "negligent," on page 7, line 6;

¶ 32.   "and negligent," on page 7, line 9;

¶¶ 33-45.   First Cause of Action for Professional Malpractice – Negligence; and

¶¶ 46-56.   Second Cause of Action for Professional Malpractice – Negligence.

### B. Other References To A Purported Fiduciary Duty Should Be Stricken

For the reasons discussed above, Trustar also requests that the Court strike the following text in the First Amended Complaint on the grounds that Ron and Sons' fiduciary duty allegations are impertinent since they are directly contradicted by the Agreement:

¶ 16.   "breach of common law fiduciary responsibility owed to Plaintiffs," on page 4, lines 7-8;

¶ 22.   "common law fiduciary role with regard to their," on page 5, lines 12-13;

¶ 23.   "common law fiduciary," on page 5, line 18;

¶ 28.   "and continued to breach its common law fiduciary duties owed to the Plan," on page 6, lines 14-15;

¶ 29.   "breach of fiduciary duties and," on page 6, line 17;

¶ 32.   "breach of common law fiduciary duties," on page 7, lines 9-10;

¶ 37.   "(hereafter 'fiduciary relationship')," on page 8, line 8;

¶ 39.   "and in breach of their common law fiduciary duties," on page 8, lines 18-19;

1     ¶ 40.    "and in breach of its common law fiduciary duties," on page 8, line 25;

2     ¶ 41.    "and in breach of its common law fiduciary duties," on page 9, line 2;

3     ¶ 44.    "and breaches of common law fiduciary duties," on page 9, lines 15-16;

4     ¶ 44.    "and breach of common law fiduciary duties," on page 9, line 17;

5     ¶ 44.    "and breaches of fiduciary duties," on page 9, line 22;

6     ¶ 45.    "and breaches of duty," on page 10, line 1;

7     ¶ 50.    "common law fiduciary," on page 10, line 22;

8     ¶ 52.    "and in breach of its common law fiduciary duties," on page 11, lines 5-6;

9     ¶ 53.    "and in breach of its common law fiduciary duties," on page 11, lines 8-9;

10    ¶ 55.    "and breach of duty," on page 11, line 16;

11    ¶ 56.    "and breaches of duty," on page 11, line 21; and

12    ¶¶ 64-68.    Fourth Cause of Action for Breach of Common Law Fiduciary Duty.

## VI. CONCLUSION

For each of the foregoing reasons, Trustar respectfully requests that the Court grant its motion to dismiss the Erpeldings as plaintiffs, dismiss the First, Second, Fourth and Fifth Causes of Action, and strike the above-referenced portions of the First Amended Complaint.

Dated: March 22, 2006

Respectfully submitted

ALLEN MATKINS LECK GAMBLE & MALLORY LLP

By: _/s/ Michael J. Holmes_
MICHAEL J. HOLMES
Attorneys for Defendant
DELAWARE CHARTER GUARANTEE
AND TRUST COMPANY, dba TRUSTAR
RETIREMENT SERVICES

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

643099.02/SD

-12-

03 CV 0204

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.:
COUNTY OF SAN DIEGO    )

     I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

     On **March 22, 2006**, I served on interested parties in said action the within:

> ➤ **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**

by placing true copies thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at San Diego, California.

     Marc S. Schechter, Esq.
     Susan L. Northup, Esq.
     Butterfield Schechter◆LLP
     10616 Scripps Summit Court, Suite 200
     San Diego, CA 92131
     Tel: (858) 444-2300
     Fax: (858) 444-2345

     I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

     Executed on **March 22, 2006**, at San Diego, California.

     Pamela T. Lewis _____
     (Type or print name)          (Signature)

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

643099.02/SD

03 CV 0204