USDC SCAN INDEX SHEET










HBH   4/24/06   9:11

3:03-CV-00204   ERPELDING V. TADDEO

*62*

*OPPM.*

1  MARC S. SCHECHTER (State Bar No. 116190)
   SUSAN L. NORTHUP (State Bar. No. 236133)
2  Butterfield Schechter♦LLP
   10616 Scripps Summit Court, Suite 200
3  San Diego, CA 92131
   Telephone: (858) 444-2300
4  File No.: 3397

5  Attorneys for Plaintiffs

**ORIGINAL**

FILED

06 APR 21 PM 3:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ERPELDING, an individual; BARBARA ERPELDING, an individual; RON & SONS' TRUCKING, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE CHARTER GUARANTEE AND TRUST COMPANY, dba TRUSTAR RETIREMENT SERVICES, a Delaware Corporation,<br><br>Defendants. | No. 03 CV 0204 W (NLS)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT<br><br>Date: May 8, 2006<br>Time: 10:30 a.m.<br>Ctrm: 7<br>Honorable Thomas J. Whelan<br><br>No Oral Argument or Appearances |

Defendant Delaware Charter Guarantee and Trust Company, dba Trustar Retirement Services ("Trustar"), moved this court to dismiss the Plaintiffs' First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that (1) Plaintiffs Ronald Erpelding and Barbara Erpelding ("Erpeldings") do not have standing; (2) the negligence causes of action improperly plead contract breaches as torts; (3) the Breach of Common Law Fiduciary Duty cause of action is directly contradicted by the Agreement; and (4) the Unjust Enrichment cause of action fails because no implied contract exists. However, as will be set forth below, the Defendants' motion is completely without merit and must be denied.

/././

/././

# I.

# PERTINENT FACTS

On March 3, 2006, Plaintiffs filed the First Amended Complaint as instructed by the Ninth Circuit Court of Appeals Reversal and Remand Order dated January 11, 2006. The First Amended Complaint alleges five causes of action as follows: First and Second Causes of Action for Professional Malpractice - Negligence; Third Cause of Action for Breach of Written Contract; Fourth Cause of Action for Breach of Common Law Fiduciary Duty; and Fifth Cause of Action for Unjust Enrichment. All causes of action were brought by all Plaintiffs against Defendant. Each cause of action incorporates by reference all paragraphs listed above such cause of action in the First Amended Complaint as though fully set forth therein. ¶¶ 33, 46, 57, 64 and 69. The First Amended Complaint alleges that the Erpeldings were third party beneficiaries to the Retainer Agreement ("Agreement") entered into between Ron & Sons' and Trustar. ¶ 60. The First Amended Complaint further alleges, as set forth in detail below, that the Agreement was entered into for the benefit of the Erpeldings and that Trustar knew of such intent. ¶ 12, 14-17 and 48.

# II.

# STANDARD FOR MOTION TO DISMISS

On a motion to dismiss, the court is required to read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them. *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 889 (1990); *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). A Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial (The Rutter Group 2006), § 9:210, p. 9-59. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well

///

BUTTERFIELD
SCHECHTER
♦ LLP

00118746.WPD

P's & A's IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 03 CV 0204 W (NLS)

- 2 -

as *reasonable inferences* to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1988) (emphasis added).

As set forth in Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss and Strike Portion of the First Amended Complaint, Plaintiffs have plead that the court has proper diversity jurisdiction and therefore the substantive law governing this dispute is California law. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 277 F.3d 1080, 1090 (9th Cir. 2001).

## III.
## ARGUMENT IN OPPOSITION OF MOTION TO DISMISS

### A. The Federal Rules Provide for Liberal Notice Pleading

Defendant argues that the Erpeldings do not have standing to bring any of the causes of action alleged in the First Amended Complaint since they do not allege any duties owed to them by Trustar. The allegations in a federal complaint must be liberally construed. Fed. Rules Civ. Proc. 8. The Rules impose a relatively lenient obligation upon pleaders in federal court. Litigants are generally required to satisfy only "notice" pleading obligations–that is, they must provide their opponent with fair notice of their claim and the grounds upon which that claim rests. A pleader generally meets this obligation by notifying the opponent of the claim and proposed relief to such degree that the opponent is able to formulate a response. See *Swierkiewicz v. Sorema N.A.*, 634 U.S. 506, 512-514 (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993). The rules are designed specifically to minimize the disputes over pleading technicalities. See Fed. Rules Civ. Proc. 1, 8(f) and *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). Rutter Group § 8:24, p. 8-8.

Furthermore, Rule 8 establishes a pleading standard without regard to whether a claim will succeed on the merits. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz*, 634 U.S. 506, 515 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Under the federal notice pleading system, it is not

BUTTERFIELD
SCHECHTER
♦ LLP

P's & A's IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 03 CV 0204 W (NLS)

00118746.WPD                -3-

appropriate to require a plaintiff to plead facts establishing a prima facie case. *Swierkiewicz*, 634 U.S. 506, 511.

The First Amended Complaint satisfies the requirements of Rule 8 since it gives Defendant notice of the basis of Plaintiffs' claims. Plaintiffs allege not only that "[t]he ERPELDINGS were intended third party beneficiaries to the Agreement," but also that the plan was created specifically for the Erpeldings and that Trustar knew of the intended purpose of implementing the plan. ¶ 60. Specifically, the First Amended Complaint alleges:

- "The primary purpose of adopting the Plan was to provide a retirement investment vehicle for the **ERPELDING's** . . . and Defendant was aware of the intended purpose of the Plan." ¶ 12 (emphasis added).

- "The stated goal of Ron & Sons' was to have a retirement plan designed which would maximize the retirement savings for the company's **shareholders** . . . Instead, Defendant designed a plan which put the **shareholders** of RON & SONS' in a position where they had significantly less retirement savings . . . than they would have had Plaintiffs never adopted the Plan." ¶ 14 (emphasis added).

- "RON & SONS' contributed approximately $1,000,000 to the Plan, which could have been paid out to the **ERPELDING's** as compensation." ¶ 15 (emphasis added).

- "The purpose of the Plan, as known by TRUSTAR, was to form a retirement investment vehicle for the **ERPELDING's**." ¶ 16 (emphasis added).

- "TRUSTAR . . . held itself out to **Plaintiffs** as possessing superior knowledge . . . regarding the plan's administration, including implementation and termination of pension plan . . . ." ¶ 17 (emphasis added).

- "Defendant . . . expressly and impliedly represented to RON & SONS' that it was competent and skilled in handling all aspects of implementing the Plan in accordance with the primary intention of the Plan (i.e., increase the retirement savings for the **ERPELDING's**)." ¶ 48 (emphasis added).

/././

No matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989). "Recovery may seem remote and unlikely on the face of the pleading, but that is not the test for dismissal." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir. 1997). Under the federal liberal pleading standard, Plaintiffs have alleged that they are third party intended beneficiaries to the Agreement. This must be accepted as true for purposes of reviewing the motion to dismiss. Under the liberal pleading standard, Plaintiffs are not required to plead with particularity the facts surrounding the allegation that they are intended third party beneficiaries. The allegations give Defendant notice of the claims under the federal pleading standard and dismissal is unwarranted. If that is not a clear enough duty owed to the Plaintiffs, then the court can infer from this allegation that a duty is owed to an intended third party beneficiary. In the event the court finds that Plaintiffs have not met the standard for notice pleading, Plaintiffs request leave to amend the complaint in order to conform to such standard.

**B.     The Erpeldings Have Standing**

Defendant claims that the Agreement contradicts the allegation that the Erpeldings are intended third party beneficiaries. This is simply not true. It is not required under Cal. Civ. Code § 1559 that the third party beneficiary be specifically named as a beneficiary. *Albert Shell v. Max Schmidt*, 126 Cal. App. 2d 279, 290 (1954). All that is required is that the contract be made expressly for the benefit of a third party and expressly simply means in an express manner; in direct or unmistakable terms, explicitly; definitely; directly. *Ibid.* Plaintiffs have alleged that they are intended third party beneficiaries to the Agreement. Since it is not required that the Erpeldings, as intended third party beneficiaries, be named in the Agreement, Defendant's argument that the Agreement directly contradicts the allegations is meritless. It is not just that the "intent must appear from the terms of the contract," *Ascherman v. General Reinsurance Corp.*, 183 Cal. App. 3d 307, 311 (1986), as suggested by Defendant, but also "in light of the circumstances under which it was created." *Kalmanovitz v. Bitting*, 43 Cal. App. 4th 311, 314-315 (1996). The facts that support the circumstances surrounding the creation of the Agreement are alleged in the complaint, as listed above, that Trustar knew that the plan was being created specifically for the purpose of creating a

BUTTERFIELD
SCHECHTER
♦ LLP

P's & A's IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 03 CV 0204 W (NLS)

00118746.WPD                    - 5 -

retirement investment vehicle for the Erpeldings. Moreover, Plaintiffs have incorporated all paragraphs alleged in the complaint into the Breach of Written Contract cause of action and all incorporated allegations should be considered when reviewing and interpreting whether the circumstances surrounding the creation of the Agreement shows that the Erpeldings were intended third party beneficiaries. Without the need to create a retirement plan for the Erpeldings, the Agreement between Ron & Sons' and Trustar would never have been created. Trustar's response that the Agreement was to provide "plan set-up" and "administrative recordkeeping services" is not a complete list of services which Trustar promised to provide. The promise made by Trustar was that they could prepare a benefit formula that would provide a benefit to put the Erpeldings in a better position under the Plan than they would have been without it. First Amended Complaint ¶ 14. Defendants designed the contribution formula and provided ongoing advice on annual contributions which failed to meet the intended goals. The Agreement was expressly made to benefit the Erpeldings, giving them standing to pursue their claims against Trustar. Defendant's request for dismissal must therefore be denied. In the event the court finds that the Erpeldings do not have standing, Plaintiffs request leave to amend the complaint in order to clarify the surrounding circumstances of entering into the Agreement to show the Erpeldings were intended third party beneficiaries.

C. **The First and Second Causes of Action for Negligence Do Not Plead Contract Breaches as Torts, but Are Merely Alternative Theories**

A complaint may contain two or more statements of a claim for relief "alternatively or hypothetically, either in one count . . . or in separate counts." Fed. Rules Civ. Proc. 8(e)(2); *McCalrden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990). Moreover, a party may set forth as many separate claims as the party has regardless of consistency and whether based on legal, equitable or maritime grounds. Fed. Rules Civ. Proc. 8(e)(2). Rule 8(a) does not require plaintiff explicitly to designate alternative claims as long as "it can be reasonably inferred that this is what they are doing." *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)

/././.

BUTTERFIELD
SCHECHTER
♦ LLP

P's & A's IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 03 CV 0204 W (NLS)

00118746.WPD         - 6 -

Although the Erpeldings believe and, based on that belief, allege that they were intended third party beneficiaries to the Agreement, this is not the only theory of relief that they have. Plaintiffs are not limited to pleading one theory of relief and are not attempting to recover under all causes of action.

If the court finds that the Erpeldings are not intended third party beneficiaries to the contract, they should not be dismissed from the case, as their claims can continue under the negligence causes of action theories because there was a legal duty owed to the Erpeldings even if no privity of contract is found to exist. The Court of Appeals for the Ninth Circuit has held that:

> Under California law, the threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.

*Glenn K. Jackson, Inc. v. Richard Roe*, 273 F.3d 1192, 1197 (quoting *Lucas v. Hamm*, 56 Cal. 2d 583 (1961)) (attorney who undertakes to draft or prepare a will owes a duty not only to the testator but also to the testator's intended beneficiary to complete the task in a manner which will achieve the testator's purpose). In the *Glenn K. Jackson, Inc.* case, an insurance company hired an auditor to review billing statements for legal services provided by the insurance company's law firm. The auditor found errors in the billing statements, and the insurance company stopped doing business with the law firm. The law firm sued the auditor. The court held in that case that no duty was owed to the law firm because there was no allegation that the law firm was a third party beneficiary to the audit contract. However, the court ruled that in a negligence action in California:

> [There is] an objective standard that looks to the specific circumstances to ascertain whether a supplier of information has undertaken to inform and guide a third party with respect to an identified transaction or type of transaction. If such a specific undertaking has been made, liability is imposed on the supplier. Liability is limited to those whom the engagement is *designed to benefit* in order to allow the supplier

/././

BUTTERFIELD
SCHECHTER
♦ LLP

P's & A's IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 03 CV 0204 W (NLS)

00118746.WPD        - 7 -

of information to ascertain the potential scope of its liability and make rational decisions regarding the undertaking.

*Glenn K. Jackson, Inc. v. Richard Roe*, et. al., 273 F.2d 1192, 1201 (2001) (emphasis added).

Here, Trustar knew that the purpose of the engagement was to provide a retirement benefit to the Erpeldings. Trustar made promises and representations to the Erpeldings with respect to the establishment and ongoing maintenance of the retirement plan and their respective retirement benefits. They knew that the engagement of services was designed to benefit the Erpeldings, and, therefore, Trustar was on notice of their liability and had a duty to the Erpeldings to make rational decisions regarding their engagement. This cause of action should not be dismissed as it is a viable alternative theory of recovery in the event there is no privity of contract found between the Erpeldings and Trustar. Defendant's request to dismiss the First and Second Causes of Action must be denied. In the event the court finds that Plaintiffs have not met the requirements for pleading in the alternative, Plaintiffs request leave to amend the complaint in order to state such.

**D.  The Fourth Cause of Action for Breach of Common Law Fiduciary Duty Does Not Fail Because it Is Not Directly Contradicted by the Agreement**

*The Fiduciary Duty Section of the Agreement, When Read in Context, Refers to an "ERISA" Fiduciary Duty*

Trustar claims that the terms of the Agreement expressly contradict Ron & Sons' fiduciary duty cause of action because paragraph 7 of the Agreement provides that "[Trustar] is not a fiduciary to the plan, the trust, the plan participants, or the Employer." Trustar fails to acknowledge that the remainder of the clause, when read as a whole, and when applied in the ordinary and popular sense, refers to an ERISA fiduciary, not a common law fiduciary. The entire paragraph 7 of the Agreement reads as follows:

> [Trustar] is not a fiduciary to the plan, the trust, the plan participants, or the Employer. [Trustar] is a third party administrator and shall not exercise any power of control, management or choice with respect to the disposition, investment or custody of plan assets or money. [Trustar] shall not act as the Plan Administrator or the Plan Trust, or in the place of either.

/././

The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which the latter must be followed. Cal. Civ. Code § 1644. "Technical words are to be interpreted as usually understood by persons in the *profession or business* to which they related, unless clearly used in a different sense." Cal. Civ. Code § 1645 (emphasis added). Evidence is admissible to show that words "have a local, technical, or otherwise peculiar signification, and were so used and understood in the particular instance, in which case the agreement must be construed accordingly." Cal. Civ. Proc. § 1861. See also Rest. 2d Contracts § 203(3).

Here, the Agreement was entered into for purposes of providing third party administration to an ERISA-regulated retirement plan. The language surrounding the limitation of fiduciary duty in the Agreement goes directly to the elements of an ERISA fiduciary. ERISA § 3(21) defines a "fiduciary with respect to a plan" as someone who: (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets; (ii) renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so; or (iii) has any discretionary authority or discretionary responsibility in the administration of such plan.

As can be seen from the language of paragraph 7 of the Agreement, Trustar was attempting to limit its "ERISA" fiduciary duty, not its common law fiduciary duty, when it claimed that it would "not exercise any power of control, management or choice with respect to the disposition, investment or custody of plan assets." This is virtually word for word of the definition of an ERISA fiduciary provided under ERISA § 3(21). Further, under ERISA § 402(a)(2), an ERISA fiduciary may be a named fiduciary in the plan document. Plan Administrative Committees or Plan Administrators and Plan Trustees are typically named fiduciaries in a plan document. Paragraph 7 of the Agreement states "[Trustar] shall not act as the Plan Administrator or the Plan Trustee, or in the place of either" and shows that the language was intended to further clarify that Trustar was neither a Plan

BUTTERFIELD
SCHECHTER
♦ LLP

P's & A's IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 03 CV 0204 W (NLS)

00118746.WPD
- 9 -

1  Administrator or Plan Trustee to avoid being a "named" fiduciary under ERISA. This language
2  should be read as understood in the profession of ERISA plans contracting with third party plan
3  administrators for ERISA plan administration services to be provided. For these reasons, the
4  Defendant's argument fails, and the request for dismissal of the Fourth Cause of Action for Breach
5  of Common Law Fiduciary Duty must be denied. In the event the court finds that the terms of the
6  Agreement warrant dismissal of the Fourth Cause of Action for Breach of Common Law Fiduciary
7  Duty, Plaintiffs request leave to amend the complaint in order to conform to such standard.

**E.     Cause of Action: Unjust Enrichment**

As stated under the argument above for "Alternative Theories," the argument for unjust enrichment is an argument in the alternative. No special language is necessary in the pleading to state that the claim is in the alternative. Fed. Rules Civ. Proc. 8. In the event the court finds the Agreement to be an invalid contract or that the Erpeldings are not third party beneficiaries to the Agreement, the theory of unjust enrichment will provide them with a remedy for the wrong caused. In the event the court finds that Plaintiffs have not effectively plead the unjust enrichment claim in the alternative, Plaintiffs request leave to amend the complaint in order to conform to the standard.

## IV.

## ARGUMENT IN OPPOSITION OF MOTION TO STRIKE

For the reasons stated herein, all of the Defendant's request to strike portions of the pleading must be denied.

## V.

## CONCLUSION

For all of the reasons discuss herein, the Defendant's Motion to Dismiss and Strike Portions of the First Amended Complaint must be denied. In the event this court does find that the Erpeldings

/././
/././
/././
/././

BUTTERFIELD
SCHECHTER
♦ LLP

P's & A's IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 03 CV 0204 W (NLS)

00118746.WPD                           - 10 -

1  should be dismissed, the First, Second, Fourth and/or Fifth Causes of Action should be dismissed,
2  and/or the requested sections be stricken from the First Amended Complaint, Plaintiffs request leave
3  to amend their First Amended Complaint, as indicated herein.

4  Dated: 4-21-06

BUTTERFIELD SCHECHTER◆LLP

By: _____
MARC S. SCHECHTER
Attorneys for Plaintiffs

MARC S. SCHECHTER (State Bar No. 116190)
SUSAN L. NORTHUP (State Bar. No. 236133)
Butterfield Schechter♦LLP
10616 Scripps Summit Court, Suite 200
San Diego, CA 92131
Telephone: (858) 444-2300

Attorneys for Plaintiffs

# ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ERPELDING, an individual; BARBARA ERPELDING, an individual; RON & SONS TRUCKING, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE CHARTER GUARANTEE AND TRUST COMPANY, dba TRUSTAR RETIREMENT SERVICES, a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | No. 03 CV 0204 W (NLS)<br><br>PROOF OF SERVICE |

## PROOF OF SERVICE BY MAIL

Code Civ. Proc. § 1013a(1)

I, KRISTINE CUSTODIO, hereby declare:

I am employed in the County of San Diego, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Butterfield Schechter♦LLP, 10616 Scripps Summit Court, Suite 200, San Diego, California 92131. I am personally and readily familiar with the business practice of Butterfield Schechter♦LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business

1 is deposited the same day, proper postage prepaid, with the United States Postal Service.

2         On April 21, 2006, I served:

3 • PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT

5 on the interested parties in this action by placing a true copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Butterfield Schechter♦LLP, for collection and mailing in the United States mail addressed as follows:

MICHAEL J. HOLMES, ESQ.
MARK J. HATTAM, ESQ.
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
501 West Broadway, Fifteenth Floor
San Diego, CA 92101

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 21, 2006, at San Diego, California.

*/s/ Kristine Custodio*
KRISTINE CUSTODIO

BUTTERFIELD
SCHECHTER
♦ LLP

Proof of Service                                                                  03-CV-0204 W (NLS)

00118847.WPD                                - 2 -