Case 3:03-cv-00204-W-NLS   Document 64   Filed 05/01/06   PageID.517   Page 1 of 13

USDC SCAN INDEX SHEET

















```
HBH    5/1/06    16:43
3:03-CV-00204    ERPELDING V. TADDEO
*64*
*RPLYOPPM.*
```

MARK J. HATTAM (BAR NO. 173667)
MICHAEL J. HOLMES (BAR NO. 199311)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158

Attorneys for Defendant
DELAWARE CHARTER GUARANTEE AND TRUST
COMPANY, dba TRUSTAR RETIREMENT SERVICES

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ERPELDING, an individual; BARBARA ERPELDING, an individual; RON & SONS' TRUCKING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE CHARTER GUARANTEE AND TRUST COMPANY, dba TRUSTAR RETIREMENT SERVICES, a Delaware corporation,<br><br>Defendant. | Case No. 03 CV 0204 W (NLS)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**<br><br>Date: May 8, 2006<br>Time: 10:30 a.m.<br><br>Ctrm: 7<br>Judge: Thomas J. Whelan<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE** |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

646133.01

03 CV 0204

**TABLE OF CONTENTS**

Page

I. INTRODUCTION...................................................................................................1

II. THE ERPELDINGS ARE NOT THIRD-PARTY BENEFICIARIES...............1

III. THE ALLEGED "NEGLIGENCE" CLAIMS IMPROPERLY PLEAD CONTRACT BREACHES AS TORTS, AND ARE NOT MERELY ALTERNATIVE THEORIES.......................................................................................3

IV. THE PLAIN LANGUAGE OF THE PARTIES' AGREEMENT BELIES RON AND SONS' CLAIM FOR "BREACH OF COMMON LAW FIDUCIARY DUTY"..................................................................................................4

V. NO IMPLIED CONTRACT EXISTS................................................................6

VI. CONCLUSION...................................................................................................6

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

646133.01

03 CV 0204

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ascherman v. General Reinsurance Corp.*,
  183 Cal. App. 3d 307 (1986) ......................................................................................... 2

*Bancomer, S. A. v. Superior Court*,
  44 Cal. App. 4th 1450 (1996) ........................................................................................ 3

*Brown v. California Pension Adm'rs & Consultants, Inc.*,
  45 Cal. App. 4th 333 (1996) ..................................................................................... 4, 6

*Butler-Rupp v. Lourdeaux*,
  134 Cal. App. 4th 1220 (2005) ...................................................................................... 4

*CEO Marketing Promotions v. Heartland Promotions*,
  739 F. Supp. 1150 (N.D.Ill. 1990) .......................................................................... 3, 4, 6

*City of El Cajon v. El Cajon Police Officers' Ass'n*,
  49 Cal. App. 4th 64 (1996) ............................................................................................ 5

*Erlich v. Menezes*,
  21 Cal. 4th 543 (1999) ................................................................................................... 4

*GAB Business Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.*,
  83 Cal. App. 4th 409 (2000) .......................................................................................... 6

*Hal Roach Studios v. Richard Feiner and Co.*,
  896 F.2d 1542 (9th Cir. 1990) ....................................................................................... 2

*Kalmanovitz v. Bitting*,
  43 Cal. App. 4th 311 (1996) .......................................................................................... 2

*Mars v. Wedbush Morgan Securities, Inc.*,
  231 Cal. App. 3d 1608 (1991) ................................................................................... 5, 6

*Money Store Inv. Corp. v. Southern Cal. Bank*,
  98 Cal. App. 4th 722 (2002) .......................................................................................... 4

*Newbery Corp. v. Fireman's Fund Ins. Co.*,
  95 F.3d 1392 (9th Cir. 1996) ......................................................................................... 6

*Power Standards Lab., Inc. v. Federal Express Corp.*,
  127 Cal. App. 4th 1039 (2005) ...................................................................................... 4

*Reeves v. Hanlon*,
  33 Cal. 4th 1140 (2004) ................................................................................................. 6

*Sofias v. Bank of America*,
  172 Cal. App. 3d 583 (1985) ......................................................................................... 2

*Thompson v. Illinois Dept. of Professional Regulation*,
  300 F.3d 750 (7th Cir. 2002) ......................................................................................... 2

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

646133.01

|   | Page(s) |
|---|---|
| *Ventura County Dep't of Child Support Servs. v. Brown,*<br>117 Cal. App. 4th 144 (2004) | 5 |
| *Wal-Noon Corp. v. Hill,*<br>45 Cal. App. 3d 605 (1975) | 6 |
| *Walters v. Calderon,*<br>25 Cal. App. 3d 863 (1972) | 3 |

**Statutes**

Cal. Civ. Code § 1559 ........................................................................................................ 2

Cal. Code Civ. Proc. § 1858 ............................................................................................... 5

**Other Authorities**

Black's Law Dictionary 625 (6th ed. 1990) ........................................................................ 5

ERISA § 3(21) .................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 8(e)(2) ........................................................................................................ 4

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
646133.01

03 CV 0204

## I. INTRODUCTION

Defendant Delaware Charter Guarantee and Trust Company, dba Trustar Retirement Services ("Trustar") hereby replies to Plaintiffs Ronald and Barbara Erpelding's (the "Erpeldings") and their company, Ron and Sons' Trucking, Inc.'s ("Ron and Sons") (collectively, "Plaintiffs") opposition to Trustar's motion to dismiss.

In their opposition, Plaintiffs ask this Court to ignore the parties' Retainer Agreement (the "Agreement") so they can make their conclusory third-party beneficiary allegations; ignore the Agreement's provision regarding Trustar's non-fiduciary services; and accept their internally inconsistent causes of action. However, the Agreement cannot be ignored since any intent to benefit the Erpeldings as third-party beneficiaries must appear from the terms of the Agreement. Further, the plain language of the Agreement cannot be disturbed simply because Plaintiffs wish to create fiduciary liability where none exists. Plaintiffs' attempt to re-write the Agreement is futile in any event, since Plaintiffs concede in their First Amended Complaint that Trustar acted as a "*non-discretionary*" third-party administrator, and therefore could not be Ron and Sons' fiduciary.

Plaintiffs' negligence and unjust enrichment claims also must be dismissed, since they are not pled in the alternative, but rather rely exclusively on the allegations pertaining to the parties' Agreement. Indeed, Plaintiffs incorporate the allegations regarding the Agreement into their negligence and unjust enrichment causes of action, making them internally inconsistent with California law.

For the reasons discussed herein and in Trustar's moving papers, the Erpeldings should be dismissed as plaintiffs, and Ron and Sons' non-contractual claims contained in the First, Second, Fourth and Fifth Causes of Action should be dismissed.

## II. THE ERPELDINGS ARE NOT THIRD-PARTY BENEFICIARIES

Plaintiffs argue that the Court must accept their allegations that the Erpeldings are third-party beneficiaries to the Agreement, regardless of how "improbable" that may be. Opp. at 5. However, the Court is not required to accept Plaintiffs' self-serving allegations, since they are directly contradicted by the plain language of the Agreement attached to the First Amended Complaint. *See Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.

1990). "[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*" *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis by court).

Further, "[f]or a third party to qualify as a beneficiary under a contract, the contracting parties must have intended to benefit that third party, *and their intent must appear from the terms of the contract.*" *Ascherman v. General Reinsurance Corp.*, 183 Cal. App. 3d 307, 311 (1986) (emphasis added). The alleged Agreement must have been made *expressly* for the third-party beneficiaries' benefit. Cal. Civ. Code § 1559. "[E]xpressly means in an express manner; in direct or unmistakable terms; explicitly; definitely; directly." *Sofias v. Bank of America*, 172 Cal. App. 3d 583, 587 (1985). "While it is not necessary that a third party be specifically named, the contracting parties must clearly manifest their intent to benefit the third party." *Kalmanovitz v. Bitting*, 43 Cal. App. 4th 311, 314 (1996).

Plaintiffs contend that their allegations regarding the purpose of the Agreement, rather than the Agreement itself, should be considered in determining whether the Erpeldings are third-party beneficiaries to the Agreement, citing *Kalmanovitz*, 43 Cal.App.4th at 314-15. However, *Kalmanovitz* does not support Plaintiffs' contention – it holds: "*The test* is whether an intent to benefit claimants appears *from the terms of the agreement.*" *Id.* at 315 (emphasis added).

Here, the patent terms of the Agreement directly contradict Plaintiffs' contention that the purpose of the Agreement was to create a plan for the Erpeldings. Exh. "A." The Agreement states that Trustar was to provide plan set-up and administrative recordkeeping services for Ron and Sons. Exh. "A," ¶¶ 1, 13, 17. While Trustar's administrative services for Ron and Sons may have incidentally benefited the Erpeldings as owners of Ron and Sons, the plain language of the Agreement does not expressly reveal an intention to benefit the Erpeldings as individuals. It is simply not enough that the contract may have benefited the Erpeldings:

> The fact that he is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment. It must appear to have been the intention of *the parties* to secure to him personally the benefit of its provisions.

*Walters v. Calderon*, 25 Cal. App. 3d 863, 870-71 (1972) (emphasis by court); *see also Bancomer, S. A. v. Superior Court*, 44 Cal. App. 4th 1450, 1458 (1996).

Plaintiffs argue alternatively that the Erpeldings have standing to bring their negligence claims. However, as discussed below and in Trustar's moving papers, the "negligence" claims alleged in the First Amended Complaint are merely claims that Trustar did not fulfill its *contractual* obligations under the Agreement, and Plaintiffs fail to allege any independent duty owed to the Erpeldings.

Accordingly, the Erpeldings do not have standing to bring the claims alleged in the First Amended Complaint, since they do not allege any duties, contractual or otherwise, owed to them by Trustar. The Erpeldings should be dismissed, leaving Ron and Sons as the sole plaintiff.

## III. THE ALLEGED "NEGLIGENCE" CLAIMS IMPROPERLY PLEAD CONTRACT BREACHES AS TORTS, AND ARE NOT MERELY ALTERNATIVE THEORIES

Despite the clear mandate of California law that tort causes of action outside the insurance and fraud context cannot be pled in what are really just breach of contract cases, Ron and Sons argue that their negligence claims should not be dismissed because they are pled in the alternative.

However, Ron and Sons' so-called "negligence" claims are not pled as alternatives to their breach of contract claim, but rather they *depend exclusively on* the allegations relating to the Agreement. As detailed in Trustar's moving papers, the "duties" alleged in Ron and Sons' negligence claims are simply obligations arising under the express terms of the Agreement. ¶¶ 34, 38-40, 47, 51-53. Indeed, Ron and Sons' Third Cause of Action for "Breach of Written Contract" alleges that the Agreement governed Trustar's administrative services, and complains of *exactly* the same alleged actions and omissions by Trustar. ¶¶ 58, 61-62. Ron and Sons simply fail to allege any independent duty apart from the obligations under the Agreement to support their negligence claims.

Critically, Ron and Sons' negligence claims also *incorporate* the First Amended Complaint's allegations regarding the Agreement. ¶¶ 9, 32, 33, and 46. Therefore, rather than pleading in the alternative, these causes of action clearly contain internal inconsistencies. *See CEO Marketing Promotions v. Heartland Promotions*, 739 F. Supp. 1150, 1152-53 (N.D.Ill. 1990)

(inconsistent unjust enrichment claim was not pled in alternative where claim incorporated allegation that parties entered into express agreement).

In *CEO Marketing Promotions*, the plaintiffs made the identical argument that Ron and Sons make here – that they could allege a claim for unjust enrichment, even though it was legally inconsistent with their express contract claim, because they were simply pleading in the alternative under Rule 8(e)(2).[1] *Id.* at 1152. The court disagreed, explaining that the plaintiffs had not pled alternative theories, since the plaintiffs' unjust enrichment claim incorporated the allegation that the parties had entered into an express oral agreement. *Id.* The court concluded, therefore, that the unjust enrichment claim contained "an internal inconsistency and is subject to dismissal." *Id.* at 1153.

Ron and Sons' negligence claims are really just claims that Trustar did not fulfill its *contractual* obligations under the Agreement. *See Brown v. California Pension Adm'rs & Consultants, Inc.*, 45 Cal. App. 4th 333, 346 (1996); *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999); *Power Standards Lab., Inc. v. Federal Express Corp.*, 127 Cal. App. 4th 1039, 1047 (2005); *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1227 (2005); *Money Store Inv. Corp. v. Southern Cal. Bank*, 98 Cal. App. 4th 722, 731-32 (2002). By incorporating the allegations regarding the Agreement into their negligence claims, these claims are internally inconsistent under California law. Ron and Sons' negligence claims should therefore be dismissed.

## IV. THE PLAIN LANGUAGE OF THE PARTIES' AGREEMENT BELIES RON AND SONS' CLAIM FOR "BREACH OF COMMON LAW FIDUCIARY DUTY"

The Agreement expressly and unambiguously provides that Trustar is not a fiduciary to Ron and Sons, and that Trustar has absolutely no control or choice with regard to plan assets or money:

> [Trustar] is not a fiduciary to the plan, the trust, the plan participants, or the Employer [Ron and Sons]. [Trustar] is a third party administrator and shall not exercise any power of control, management or choice with respect to the disposition, investment or custody of plan assets or money. [Trustar] shall not act as the Plan Administrator or the Plan Trustee, or in place of either.

---

[1] Ron and Sons repeat this same argument for their "unjust enrichment" cause of action (Opp. at 10), as discussed below.

Exh. "A," ¶ 7. Nevertheless, Ron and Sons ask this Court to omit these contract terms and replace them with a more narrow reading – that Trustar was not a fiduciary as defined under ERISA § 3(21) *only*, and that Trustar was a *common law* fiduciary. Ron and Sons argue that ERISA defines a "fiduciary with respect to a plan," and therefore the language in the Agreement should be limited to an ERISA-defined fiduciary.

However, paragraph 7 of the Agreement clearly provides that Trustar is not a fiduciary in any respect. Specifically, Trustar is not a fiduciary (a) to the plan; (b) to the trust; (c) to the plan participants; or (d) to Ron and Sons, as the employer. Ron and Sons conveniently focuses on (a) only, but the full provision is much broader. There is nothing that limits this provision to fiduciaries as defined under ERISA § 3(21). California law requires ascertaining the substance of contracts, rather than inserting what has been omitted or omitting what has been inserted. Cal. Code Civ. Proc. § 1858.

Ron and Sons nevertheless contend that the remaining language of paragraph 7 supports their limited fiduciary definition, since it uses the words "control," "choice," and "management" of plan assets and money, which are similar to the words used in ERISA's definition of "fiduciary." However, this is also how *non-ERISA* fiduciaries are defined. *See, e.g.,* Black's Law Dictionary 625 (6th ed. 1990) (defining "fiduciary" as "[a] person or institution who manages money or property for another and who must exercise a standard of care in such management activity imposed by law or contract."); *Mars v. Wedbush Morgan Securities, Inc.*, 231 Cal. App. 3d 1608, 1614-15 (1991) (no fiduciary duty where no control over account and acting only upon instruction); *Ventura County Dep't of Child Support Servs. v. Brown*, 117 Cal. App. 4th 144, 154 (2004) (fiduciary status exists with uncontrolled discretion).

Ron and Sons further contend that the last sentence of paragraph 7 of the Agreement supports their narrow interpretation, since it states that Trustar is not a Plan Administrator or Plan Trustee. However, if this sentence is merely repetitive of the first sentence, as Ron and Sons' contends, such a construction would render it surplusage, which is to be avoided. *City of El Cajon v. El Cajon Police Officers' Ass'n*, 49 Cal. App. 4th 64, 71 (1996).

1   In any event, *even if* the Court were to accept Ron and Sons' overly narrow interpretation of "fiduciary," Ron and Sons' fiduciary claim would still be properly dismissed, since the First Amended Complaint expressly concedes that at all relevant times, Trustar acted as a "*non-discretionary*" third party administrator. ¶ 17. Without any discretion or control, Trustar could not be held liable as a fiduciary. *See, e.g., GAB Business Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.*, 83 Cal. App. 4th 409, 420-21 (2000), *disapproved on other grounds, Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152 (2004) (fiduciary status requires discretionary management authority); *Mars*, 231 Cal. App. 3d at 1614-15 (1991) (no fiduciary duty where no control over account and acting only upon instruction); *Brown*, 117 Cal. App. 4th at 154 (fiduciary status exists with uncontrolled discretion).

Moreover, as with Ron and Sons' negligence claims, Trustar's alleged "fiduciary duty" regarding calculation of Plan contributions (¶¶ 64-68) is actually an alleged *contractual* obligation under the Agreement. As alleged in Ron and Sons' Third Cause of Action for "Breach of Written Contract," the Agreement provided that Trustar would perform proper contribution calculations. ¶ 61. Accordingly, this cause of action should be dismissed.

## V.   NO IMPLIED CONTRACT EXISTS

Ron and Sons argue that their "unjust enrichment" cause of action should not be dismissed because it is pled in the alternative. However, as discussed above, this cause of action is internally inconsistent, since it incorporates the allegations regarding the express Agreement. ¶ 69. *See CEO Marketing*, 739 F. Supp. at 1152-53 (unjust enrichment claim was not pled in alternative, since claim incorporated allegation that parties entered into express agreement). Under California law, claims rooted in an implied contract theory, such as unjust enrichment, cannot co-exist with express contract claims relating to the same subject matter. *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975); *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1405 (9th Cir. 1996) (reciting California law). Therefore, this cause of action should also be dismissed.

## VI.   CONCLUSION

Based on the above and the reasons set forth in Trustar's moving papers, Trustar respectfully requests that the Court grant its motion to dismiss the Erpeldings as plaintiffs, dismiss

1 | the First, Second, Fourth and Fifth Causes of Action, and strike the negligence and fiduciary duty
2 | allegations in the First Amended Complaint.

4 | Dated: May 1, 2006

Respectfully submitted

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Michael J. Holmes
MICHAEL J. HOLMES
Attorneys for Defendant
DELAWARE CHARTER GUARANTEE
AND TRUST COMPANY, dba TRUSTAR
RETIREMENT SERVICES

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA ) 
                                        ) ss.: 
COUNTY OF SAN DIEGO )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

On **May 1, 2006**, I served on interested parties in said action the within:

> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**

by placing true copies thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at San Diego, California.

Marc S. Schechter, Esq.
Susan L. Northup, Esq.
Butterfield Schechter◆LLP
10616 Scripps Summit Court, Suite 200
San Diego, CA 92131
Tel: (858) 444-2300
Fax: (858) 444-2345

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on **May 1, 2006**, at San Diego, California.

    Pamela T. Lewis                          /s/ Pamela T. Lewis
  (Type or print name)                             (Signature)